UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONROE MILLEN, | ) | Case No: 1:11 CV 2701 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| BILL MASON, *et al.*, | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

*Pro se* Plaintiff Monroe Millen filed this action against Cuyahoga County Prosecutors Bill Mason and John Colan, and Cuyahoga Metropolitan Housing Authority ("CMHA") Officers Ovalle, Hermensky, and Dancy. In the Complaint, Plaintiff alleges excessive force, malicious prosecution, and due process violations arising out of his arrest, prosecution, and conviction. He seeks injunctive and monetary relief. Plaintiff also filed a request to proceed *in forma pauperis*. (ECF 2). That request is granted.

**Background**

The Complaint contains very little in the way of factual allegations. It appears that Plaintiff

was arrested on August 3, 2010.[1] He alleges that, on that date, defendant CMHA officer Ovalle used excessive force, causing Plaintiff to sustain bodily injuries to his head, ear, and rib cage. (ECF 1 at 4). Plaintiff further maintains he was treated for his injuries at the Veterans Administration Hospital and City Jail, and that he subsequently gave the Federal Bureau of Investigations a statement about the incident. (ECF 1 at 4).

Plaintiff was indicted on August 23, 2010 for drug possession in violation of Ohio Rev. Code § 2925.11(A); having weapons under disability in violation of Ohio Rev. Code § 2923.13(A)(3); and possessing criminal tools in violation of Ohio Rev. Code § 2923.24(A). He subsequently entered a guilty plea on November 1, 2010 to the drug possession and weapons under disability charges.[2] On November 22, 2010, the state trial court suspended Plaintiff's sentence and ordered him to serve two years of probation. Plaintiff's probation was terminated on October 12, 2011, after he was twice found to be in violation of the conditions of his probation. He is currently incarcerated at Grafton Correctional Institute.

In his Complaint, Plaintiff alleges Defendants Mason and Colan maliciously prosecuted him and "overzealously went before the grand jury to receive an over indictment." (ECF 1 at 4). He further claims these Defendants denied him a preliminary hearing and indicted him without allowing

---

[1] In reviewing Plaintiff's Complaint, this Court takes judicial notice of the record in Plaintiff's underlying state criminal case, *State v. Monroe Millen,* Case No. CR-10-540471-A (Cuy. Cty. Cmn. Pl.). *See* www.cpdocket.cuyahogacounty.us. This is necessary in order to determine whether Plaintiff's claims are cognizable in light of the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), discussed *infra*. Moreover, as Plaintiff refers in his Complaint to his state criminal proceedings, this Opinion will draw the facts from both the plaintiff's Complaint and the docket in that criminal case.

[2] The possessing criminal tools charge was nolled, apparently as part of a plea agreement.

2

him to appear and defend in person or to review the evidence against him. He states that Defendants Hermensky and Dancy participated in this malicious prosecution by making an error in their police report. (ECF 1 at 5). Plaintiff asserts generally that his due process rights were violated by defendants' misconduct, the "rubber stamping" of the indictment, and the allegedly "sham legal process" culminating in his incarceration. (ECF 1 at 5). He seeks compensatory and punitive damages, as well as injunctive relief.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to

---

[3] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## Analysis

Plaintiff asserts Defendants violated his constitutional rights when they used excessive force during the course of his arrest, engaged in malicious prosecution, and violated his due process rights. Because the Constitution does not directly provide for damages, Plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. As no other statutory provision appears to present even an arguably viable vehicle for the assertion of Plaintiff's constitutional claims, the Court construes them as arising under 42 U.S.C. § 1983.

To set forth a cognizable § 1983 claim, Plaintiff must establish that (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). If a plaintiff fails to make a showing on any essential element of a § 1983 claim, that claim must fail. *Simescu*, 942 F.3d at 375.

The Court will consider each of Plaintiff's claims within this legal context.

**I.      Prosecutorial Immunity**

As an initial matter, the Court finds the Complaint does not assert viable claims against Defendants Mason and Colan.  These Defendants are Cuyahoga County Prosecutors and are being sued for their conduct in prosecuting Plaintiff for drug and weapons charges.  Prosecutors, however, are entitled to absolute immunity  from damages for initiating a prosecution and presenting the state's case.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).  A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court.  *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006).  This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages.  *Id.*  These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate.  *See Imbler*, 424 U.S. at 424-25.

Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate.  *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003).  Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Id.* at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002).

In this instance, the challenged actions of Cuyahoga County Prosecutors Bill Mason and John Colan were all intimately associated with the judicial phase of Plaintiff's prosecution.  The

Complaint contains no facts which indicate these Defendants participated in any kind of activity that might fall outside their role as advocates in prosecuting and presenting the state's case against Plaintiff. Consequently, these Defendants are entitled to absolute immunity and Plaintiff's claims against Defendants Mason and Colan are dismissed pursuant to § 1915(e).

**II.    Excessive Force**

Plaintiff alleges Defendant Ovalle used excessive force during the course of Plaintiff's August 3, 2010 arrest. The Supreme Court has held that all claims that law enforcement officers have used excessive force in the course of an arrest should be analyzed under the Fourth Amendment and its "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 397 (1989). Under this standard, the Court must take into consideration the totality of the circumstances. *Id.* at 396-97. *See also Bennett v. Krakowski*, ----- F.3d ---- , 2011 WL 5604055 at * 7 (6th Cir. Nov. 18, 2011). Circumstances to be considered in this connection include the severity of the criminal conduct at issue, whether the suspect posed an immediate threat to the safety of the public and the officer, and whether the suspect was actively resisting arrest. *See Graham,* 490 U.S. at 396; *Schreiber v. Moe*, 596 F.3d 323, 332 (6th Cir. 2010).

These factors must be considered "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Indeed, the Sixth Circuit has noted that "'we must avoid substituting our personal notions of proper police procedure for the instantaneous decision of the officer.'" *Bennett*, 2011 WL 5604055 at *7 (quoting *Boyd v. Baeppler*, 215 F.3d 594, 602 (6th Cir. 2000)). In addition, in considering reasonableness, courts must "embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving– about the amount of

force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97.

The Court finds Plaintiff has failed to set forth sufficient factual allegations that Defendant Ovalle's use of force was objectively unreasonable. The entirety of Plaintiff's allegations regarding this claim are as follows:

> Petitioners alleged constitutional rights violation, and misconduct of C.M.H.A. Police and excess use of force. That on or about Aug. 3, 2010, Plaintiff states that a C.M.H.A. Police Officer Mr. Ovalle #30 did directly and intentionally with full purpose to do so deliberately use excessive use of force. Plaintiff's [sic] sustained bodily injurys [sic] being Plaintiffs head and ears also Plaintiff's rib cage. Plaintiff states he was treated by V.A. Hospital as well as at Cleveland City Jail at booking. Plus Plaintiff gave the F.B.I. a statement on or about August 7, 2010.

(ECF 1 at 4). Plaintiff does not provide any further factual allegations to explain or support this claim. Significantly, the Complaint does not set forth any allegations regarding the circumstances surrounding Plaintiff's arrest, the manner in which Defendant Ovalle effectuated that arrest, or the nature of the force used by Defendant Ovalle. While the Complaint alleges generally that Defendant Ovalle used excessive force and states that Plaintiff was injured and received medical treatment, it simply does not provide sufficient factual allegations to raise the right to relief above the speculative level even assuming all the allegations in the Complaint are true. *See Bell Atl. Corp.*, 550 U.S. at 555. To meet the pleading requirements of Federal Civil Rule 8, Plaintiff must include more than labels, legal conclusions, or formulaic recitations of the elements of a claim. *Id*. Plaintiff herein does not do so. Even liberally construed, the Complaint is insufficient to suggest that Defendant Ovalle's use of force was objectively unreasonable.

The Court, however, will dismiss this claim without prejudice so as not to foreclose Plaintiff from refiling this claim to meet the requirements of Federal Civil Rule 8 should he so choose.

**III.    Malicious Prosecution**

7

The Complaint is unclear, but it appears Plaintiff is alleging that Defendants Hermensky and Dancy are liable for malicious prosecution because they made an error in their police report. (ECF 1 at 4-5). It is unclear whether Plaintiff is raising this claim as a federal constitutional claim, or a state-law claim. Giving the *pro se* Complaint a liberal construction, the Court will construe it as raising both federal and state claims.

The Sixth Circuit recognizes a separate constitutional claim of malicious prosecution under the Fourth Amendment, which "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006). To succeed on a malicious prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove four elements. First, Plaintiff must show that a criminal prosecution was initiated against him and that the Defendants "ma[d]e, influence[d], or participate[d] in the decision to prosecute." *Sykes v. Anderson*, 625 F.3d 294, 308-10 (6th Cir. 2010). *See also Fox v. De Soto*, 489 F.3d 227, 237 (6th Cir. 2007). Second, because a § 1983 claim is premised on the violation of a constitutional right, Plaintiff must show that there was a lack of probable cause for the criminal prosecution. *Sykes*, 625 F.3d at 308-310. Third, he must show that, "as a consequence of the legal proceeding," he suffered a "deprivation of liberty," as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. *Id.* Fourth, the criminal proceeding must have been resolved in Plaintiff's favor. *Id.*

The Court need not address the first three elements of the above test because Plaintiff cannot demonstrate that the criminal proceedings were resolved in his favor. He pled guilty to the drugs and weapons charges, and was found guilty of the probation violations. Accordingly, Plaintiff's federal malicious prosecution claim against Defendants Hermensky and Dancy is dismissed pursuant to §

1915(e).[4]

To the extent Plaintiff is raising a state-law malicious prosecution claim, it will be discussed, *infra*, in the Section of this Opinion relating to Plaintiff's various state-law claims.

**IV. Due Process**

Plaintiff alleges generally that his due process rights were violated by Defendants' alleged misconduct, the "rubber stamping" of the indictment, and the allegedly "sham legal process" culminating in his incarceration. He also appears to allege due process violations based on his allegation that Defendants denied him a preliminary hearing and indicted him without allowing him to appear and defend in person or to review the evidence against him. The Complaint is unclear but it may also allege that Defendant Ovalle's alleged use of excessive force violated Plaintiff's due process rights.

The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty or property, without due process of law." U.S. CONST. AMEND. XIV. In addition to setting the procedural minimum for deprivations of life, liberty or property, the Due Process Clause bars "certain governmental actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the government of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit. *Id*.

---

[4] Even if this Court were to consider these three elements, it would find Plaintiff had failed to plead sufficient factual allegations to support the first two. Plaintiff's only mention of Defendants Hermensky and Dancy is that they "made an error in their police report." (ECF 1 at 5). He makes no allegations suggesting that either Defendant made, influenced, or participated in the decision to prosecute him, nor does he set forth any allegations indicating there was a lack of probable cause for the criminal prosecution.

The Due Process Clause has a procedural component and a substantive one. As the Sixth Circuit explained in *Howard v. Grinage*, 82 F.3d 1343, 1350 (6th Cir. 1996), "substantive due process prohibits the government's abuse of power or its use for the purpose of oppression, and procedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." It appears Plaintiff may be asserting both procedural and substantive due process claims. The Court will address each in turn.

**1.    Procedural Due Process**

To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that a liberty or property interest is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, procedural due process analysis involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). In other words, "the question of what process is due is relevant only if the inmate establishes a constitutionally protected interest." *Pickelhaupt v. Jackson*, 2010 WL 395929 at ** 2 (6th Cir. Feb. 4, 2010).

In the instant case, Plaintiff's procedural due process claim appears to be based on his allegation that Defendants "rubber stamped" the indictment, submitted an erroneous police report, denied him a preliminary hearing, and indicted him without allowing him to appear and defend in person or to review the evidence against him.

The Court finds this claim is without merit. In *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the Supreme Court held that a prisoner may not raise claims in a § 1983 action if a judgment on the merits of those claims would affect the validity of his conviction and sentence, unless the conviction

10

and sentence had been set aside. Thus, when a prisoner seeks damages in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction and sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction and sentence has already been invalidated." *Id*. at 487. If the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, "the action should be allowed to proceed in the absence of some other bar to the suit." *Id*.

In the instant case, Plaintiff raises claims which, if found to have merit, would call into question the validity of his conviction. As such, he must also allege his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so and his procedural due process claim is, therefore, subject to dismissal pursuant to § 1915(e).[5]

**2.     Substantive Due Process**

Under the doctrine of substantive due process, various portions of the Bill of Rights have been incorporated into the Fourteenth Amendment's limits on the power of the states as being "implicit in the concept of ordered liberty." *Palko v. Connecticut*, 302 U.S. 319, 325 (1937) *overruled on other grounds by Benton v. Maryland*, 395 U.S. 784 (1969). Due process claims of this nature involve official acts which cause a deprivation of a substantive right specified in the Constitution or a federal statute. *Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir. 1993). In addition, under substantive due process, courts have invalidated laws or actions of government officials that "shock the conscience." *See United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless

---

[5] To the extent this claim is directed towards Defendants Mason and Colan, it is also subject to dismissal on the basis of prosecutorial immunity, as set forth *supra* in Section I of this Opinion.

of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989).

A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a government agency. *Id*. at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id*.

Construed liberally, the Complaint appears to allege a substantive due process claim that Defendant Ovalle's alleged use of excessive force "shocks the conscience." This claim is based on the same facts as Plaintiff's Fourth Amendment excessive force claim, discussed above. Where a specific Amendment provides an explicit source of constitutional protection against a particular sort of governmental conduct, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *See Graham v. Connor*, 490 U.S. 386, 395 (1989).

This Court has already considered Plaintiff's claim in the context of his Fourth Amendment rights, *supra*. Therefore, his substantive due process claim is dismissed as duplicative of his First Amendment claim.

**V.     State Law Claims**

Finally, the Complaint references alleged violations of the Ohio Constitution and a number of state statutes, including "Ohio Constitution 14, 10, 5 and 6," Ohio Rev. Code §§ 2945.71, 2945.72, 2945.73, "OSC 28," and Ohio Criminal Rule 5(B)(7).[6] In addition, as discussed *supra*, the Complaint may also allege a state-law claim for malicious prosecution.

---

[6] Ohio Rev. Code §§ 2945.71, 2945.72, and 2945.73 relate to the time within which a preliminary hearing or trial must be held. Ohio Criminal Rule 5(B) relates to preliminary hearings in felony cases.

Inasmuch as Plaintiff's federal claims cannot survive, this Court declines to exercise supplemental jurisdiction over any potential state law claims in this case pursuant to 28 U.S.C. § 1367(c). Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997) (noting that a district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction). Accordingly, to the extent any of Plaintiff's claims are asserted under state law, they are subject to summary dismissal under § 1915(e).

### Conclusion

Accordingly, Plaintiff's excessive force claim against Defendant Ovalle is dismissed without prejudice pursuant to 28 U.S.C. §1915(e). Plaintiff's malicious prosecution and due process claims against all Defendants are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e). Plaintiff's state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[7]

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[7] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."